UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DWAYNE HOLLEY,                                    Case No. 21 CV 4681
                          Plaintiff,

         -against-                                **COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE                   JURY DEMAND
PETER FERRIZZ [TAX REG. #933529],
SERGEANT ABRAHAM CRUZ [TAX REG.
#926414], SERGEANT KENNETH DURKIN
[TAX REG. #925228], DETECTIVE ANGELA
R. DIORIO, and JOHN DOE AND JANE DOE
#1-6 (the names John and Jane Doe being
fictitious, as the true names are presently
unknown),
                          Defendants.
----------------------------------------------------------------X

Plaintiff, DWAYNE HOLLEY, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Peter Ferrizz [Tax Reg. #933529], Sergeant Abraham Cruz [Tax Reg. #926414], Sergeant Kenneth Durkin [Tax Reg. #925228], Detective Angela R. Diorio, and John Doe and Jane Doe #1-6 (collectively, "defendants"), respectfully alleges as follows:

1.       This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

<u>JURISDICTION</u>

2.       The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4.      Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.      At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6.      This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

THE PARTIES

7.      Plaintiff is and was at all times material herein a resident of the United States and the State of Maryland.

8.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10.     Defendant Detective Peter Ferrizz [Tax Reg. #933529] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

11.     Defendant Sergeant Abraham Cruz [Tax Reg. #926414] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

12.     Defendant Sergeant Kenneth Durkin [Tax Reg. #925228] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

13.     Defendant Detective Angela R. Diorio was at all times material herein a detective employed by the NYPD. She is named here in her official and individual capacities.

14.     Defendants John Doe and Jane Doe #1-6 were at all times material herein individuals and/or officers employed by the NYPD and Queens County District Attorney's office ("QCDA"). They are named here in their official and individual capacities.

15.     Defendants Ferrizz, Cruz, Durkin, Diorio, and John Doe and Jane Doe #1-6 are collectively referred to herein as "defendant officers".

16.     At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

<u>FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

17.     That at all times relevant, and upon information and belief, the plaintiff owned a certain motor vehicle described as 2006 BMW with VIN WBANF73546CG65513 and Maryland State Registration and License Plate Number 4DG5429 (hereinafter "vehicle").

18.     On or about January 22, 2019, at approximately 3:00 p.m., the vehicle was operated by plaintiff's brother, Tony Holley.

19.     On or about January 22, 2019, while the vehicle was operated by Tony, defendant officers, acting in concert, stopped Tony and, thereafter, seized and/or impounded the vehicle.

20.     Immediately upon learning about the seizure, the plaintiff contacted defendant officers by telephone on or about January 23, 2019, and informed them that he is or was the owner of the vehicle.

21.     Plaintiff inquired as to the reason for the seizure.

22.     Defendant officers refused to respond to the plaintiff's inquiry.

23.     Defendant officers indicated that they were conducting an investigation into a purported robbery incident which allegedly occurred on January 16, 2019.

24.     Defendant officers then falsely claimed that the plaintiff was the perpetrator of the alleged robbery incident.

25.     Plaintiff duly informed the defendant officers that he could not have committed any crime in New York on January 16, 2019 because he was in Maryland at all times on January 16, 2019.

26.     Plaintiff also had several other telephone discussions with defendant officers after January 23, 2019, during which he provided them with a series of information indicating that he was in Maryland on January 16, 2019.

27.     Upon information and belief, defendant officers had earlier issued an Investigation Card ("I-Card") against the plaintiff on January 22, 2019, naming him as a suspect in connection with the alleged robbery.

28.     Defendant officers did also issue an I-Card against the plaintiff's brother, Jeffy Holley, on January 17, 2019, concluding that they had probable cause to arrest him as the perpetrator of the alleged robbery.

29.     Upon information and belief, multiple individuals did identify Jeffy as the perpetrator of the alleged incident.

30.     Upon information and belief, defendant officers interviewed several witnesses after the alleged robbery, and conducted multiple photo array proceedings including photos of Tony, Jeffy, and the plaintiff in each and every such proceeding.

31.     Defendant officers seem to indicate that they conducted a similar impermissibly suggestive photo array proceeding on or about February 9, 2019, including photos of the three brothers who resemble each other in a photo array which was viewed by an individual named Yousef Zaghari.

32.     According to defendant officers, Zaghari, after viewing the suggestive photo array, allegedly identified the plaintiff as the perpetrator of the alleged robbery incident.

33.     Relying upon the purported identification from the highly suggestive photo array, and without making any attempt to investigate the information provided by the plaintiff that formed the bases of his alibi, defendant officers concluded that they had probable cause to arrest the plaintiff as the perpetrator of the alleged robbery and immediately issued an I-Card for his arrest.

34.     On or about March 8, 2019, defendant officers met with prosecutors employed by the Queens County District Attorney's Office.

35.     During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff was the perpetrator of the alleged robbery incident.

36.     Defendant officers requested the prosecutors to obtain an arrest warrant for the plaintiff's arrest.

37.     Defendant officers later forwarded to the prosecutors their falsified police records and reports.

38.     Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

39.     On or about March 11, 2019, the prosecutors filed a felony complaint sworn to by defendant officers falsely charging the plaintiff with N.Y. PL 160.15(2) 'Robbery in the first degree', N.Y. PL 160.10(1) 'Robbery in the second degree', N.Y. PL 160.10(2)(a) 'Robbery in the second degree', N.Y. PL 120.05(2) 'Assault in the second degree', N.Y. PL 145.05 'Criminal mischief in the third degree', N.Y. PL 155.30(8) 'Grand larceny in the fourth degree', N.Y. PL 145.00(1) 'Criminal mischief in the fourth degree', and N.Y. PL 265.01(2) 'Criminal possession of a weapon in the fourth degree'.

40.     Upon information and belief, on or about March 11, 2019, the prosecutors obtained a warrant for the plaintiff's arrest.

41.     Subsequently, defendant officers served the arrest warrant upon the State of Maryland seeking the plaintiff's extradition to New York as a fugitive from justice.

42.     On or about March 19, 2019, at approximately 9:00 a.m., the plaintiff was arrested at his home in Maryland on the basis of the arrest warrant.

43.     Plaintiff was detained in Maryland until on or about April 3, 2019, when he was extradited to New York.

44.     On or about April 4, 2019, plaintiff was arraigned upon the aforesaid felony complaint sworn to by defendant officers falsely charging him with multiple crimes.

45.     Bail was set in the amount of $50,000.00 to secure the plaintiff's release.

46.     Because plaintiff could not make bail, plaintiff was transported to the Vernon C. Bain Correctional Center, and was incarcerated until on or about April 8, 2019, after his family were able to post bail on his behalf.

47.     Plaintiff was required to return to the criminal court to defend the false charges levied against him.

48.     Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against him.

49.     The prosecutors subsequently investigated the information provided by the plaintiff that formed the bases of his alibi and concluded that the plaintiff was in Maryland on January 16, 2019, and could not have committed any crimes in New York on said date.

50.     On or about August 8, 2019, the false charges levied against the plaintiff were summarily dismissed.

51.     During the period of his detention, the plaintiff became depressed, and has since been diagnosed with chest pains and post traumatic stress disorder.

52.     Following his release, the plaintiff requested the defendants to release the vehicle to him.

53.     Defendants refused to release the vehicle to the plaintiff until sometime in 2020.

54.     That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

55.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

56.     As a result of the aforesaid actions by the defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

57.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58.    Defendant officers arrested the plaintiff without probable cause or reasonable grounds.

59.    The conduct of defendant officers, as described herein, amounted to false arrest.

60.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

61.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

62.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 61 of this complaint as though fully set forth herein.

63.    Defendant officers forwarded to the prosecutors their falsified records and statements.

64.    Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

65.    Plaintiff was arraigned on a felony complaint sworn to by defendant officers falsely charging the plaintiff with crimes.

66.    Plaintiff was required to, and did, appear in court to defend himself from the false charges levied against him with malice by defendants.

67.    Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

68.    Eventually, the criminal proceedings terminated in plaintiff's favor.

69.    The conduct of defendant officers, as described herein, amounted to malicious prosecution.

70.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

71.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

72.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 71 of this complaint as though fully set forth herein.

73.     Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

74.     The plaintiff was deprived of his liberty as a result.

75.     The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

76.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

77.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

78.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 77 of this complaint as though fully set forth herein.

79.     Defendant officers unlawfully subjected the plaintiff to an illegal search of his person and property.

80.     The conduct of defendant officers, as described herein, amounted to unreasonable searches and seizures.

81.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

82.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

83.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 82 of this complaint as though fully set forth herein.

84.     The plaintiff was tightly handcuffed during his detention, and was subjected to unreasonable use of force.

85.     The conduct of defendant officers, as described herein, amounted to excessive use of force.

86.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

87.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: UNLAWFUL ENTRY - against defendant officers

88.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 87 of this complaint as though fully set forth herein.

89.     The conduct of defendant officers, as described herein, amounted to unlawful entry.

90.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

91.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

92.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 91 of this complaint as though fully set forth herein.

93.     Defendant officers knew fully well that the plaintiff was not implicated in any crime but refused to release him from his unlawful detention.

94.     Defendant officers denied plaintiff his due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

95.     The conduct of defendant officers, as described herein, amounted to unreasonable detention.

96.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

97.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: DENIAL OF RIGHT TO EQUAL PROTECTION - against defendant officers

98.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 97 of this complaint as though fully set forth herein.

99.     Defendant officers routinely engage in racial profiling, and refused to conduct any investigations concerning the information provided by the plaintiff that formed the bases of his alibi simply because the plaintiff, who is black, is a member of a racial/ethnic minority group.

100.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

101.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

102.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 101 of this complaint as though fully set forth herein.

103.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

104.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

105.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

106.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

107.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 106 of this complaint as though fully set forth herein.

108.     Defendant City of New York, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in

conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

109.    Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other illicit activities.

110.    Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

111.    For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

112.    In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the Court determined that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

113.    In *Jones v. City of New York*, 603 Fed. Appx. 13 (2d Cir. 2015), Police Officer David Rodriguez arrested the plaintiff in that matter, Javier Jones,

merely because he was allegedly informed that Mr. Jones was in the company of another individual named Frantz Machon who did allegedly display a weapon.

114.   Officer Rodriguez was questioned at his deposition as to whether it is NYPD's policy to charge all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm.

115.   Officer Rodriguez, as the Second Circuit observed, testified that although NYPD "does not have an official policy of charging all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm, [] 'That is what we do.'" *Jones*, 603 Fed. Appx. at 15.

116.   Officer Rodriguez did further elaborate that "It is like an accomplice to the person with the firearm[]" and that "the normal procedure is when you have a situation like this, everyone gets charged with the firearm because we are going off on what the victim said . . . if the victim said that [Machon] had a firearm, that is going to be the charge for everyone."

117.   As the plaintiff in *Jones* successfully argued before the Second Circuit, Officer Rodriguez's testimony shows that he "is unaware that he does not have probable cause to arrest a mere bystander[]" which shows that "he has not been trained on this issue by the City [and NYPD]."

118.   Here, as was true in *Jones*, the City has failed to train defendant officers and has failed to instill in them the fact that they lack probable cause to arrest an individual such as the plaintiff who merely requested defendants to return his vehicle and there was no evidence connecting the plaintiff to any crime or offense.

119.   Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD alleging, among other things, that the police officers falsely arrested the plaintiffs without probable cause. *See*, *e.g.*, *Trevonne King v. City of New York* (19 CV 3361); *Shaheim Rogers v. City of New York* (19 CV 3360); *Mondaray Whitaker v. City of New York* (18

13

CV 6897); *Warren Monk v. City of New York* (18 CV 6458); *Sianna Stewart v. City of New York* (18 CV 4841); *Justin Baker v. City of New York* (17 CV 4493); *Tony Holley v. City of New York* (17 CV 278); *Eric Davis v. City of New York* (16 CV 385); *Jimmy Wilson v. City of New York* (15 CV 6326); *Donnell Jackson v. City of New York* (15 CV 4109); *Crystal Whitfield v. City of New York* (14 CV 6085).

120. Aside from the cases which have already been settled, there are numerous lawsuits pending in the federal and state courts against several officers assigned to the NYPD alleging, among other things, that the officers fabricated evidence, and falsely arrested the plaintiffs without probable cause.

121. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate identification evidence, arrest innocent citizens without probable cause, use excessive force in the arrest of innocent citizens and routinely subject innocent citizens to unreasonable searches and seizures.

122. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff, incarcerated him, abused and/or assaulted the plaintiff, and subjected him to unreasonable searches and seizures.

123. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

124. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in

particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

125.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

ELEVENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

126.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 125 of this complaint as though fully set forth herein.

127.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

128.     In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

129.     The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his

constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

130.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

TWELFTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

131.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 130 of this complaint as though fully set forth herein.

132.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

133.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

134.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 133 of this complaint as though fully set forth herein.

135.     Based on the false testimony of defendants, the prosecutors initiated criminal actions against the plaintiff.

136.     Plaintiff was required to, and did, appear in court on multiple occasions to defend himself from the false charges levied against him with malice by defendants.

137.     Eventually, the criminal proceedings terminated in plaintiff's favor.

138.     Because of the conduct of the defendants, plaintiff was maliciously prosecuted for a lengthy period of time.

139.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

140.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 139 of this complaint as though fully set forth herein.

141.     By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained injuries with the accompanying pain.

142.     The conduct of the defendants, as described herein, amounted to assault and battery.

143.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: TORTS (TRESPASS) - against defendants

144.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 143 of this complaint as though fully set forth herein.

145.     Defendants unlawfully entered into plaintiff's premises.

146.     Defendants performed an unlawful search of the premises, and subjected plaintiff to an unreasonable search and seizure.

147.     The conduct of defendants, as described herein, amounted to trespass.

148.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

149.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 148 of this complaint as though fully set forth herein.

150.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

151.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through

deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

152.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

153.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 152 of this complaint as though fully set forth herein.

154.     Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

155.     Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

156.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

157.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

158.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

159.     Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.     For compensatory damages against all defendants in an amount to be proven at trial;

b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.     For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
        August 19, 2021

                                UGO UZOH, P.C.


                                _Ugochukwu Uzoh_
                        By:     Ugochukwu Uzoh
                                Attorney for the Plaintiff
                                56 Willoughby Street, Third Floor
                                Brooklyn, N.Y. 11201
                                Tel. No: (718) 874-6045
                                Fax No: (718) 576-2685
                                Email: u.ugochukwu@yahoo.com